IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ENERGYTEC, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:06-CV-0871-L** |
| | § | (consolidated with Civil Action |
| **PHILIP M. PROCTOR, et al.**, | § | No. 3:06-CV-0933-L) |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Motion of Plaintiff Energytec, Inc. and Third-Party Defendants Don L. Lambert, Dorothea W. Krempein, B. Charles Spradlin, Eric A. Brewster, Ben T. Benedum, and Cary P. Dukes to Dismiss Frank W Cole's Amended Counterclaim and Third-Party Complaint, filed October 1, 2007. After carefully considering the motion, response, reply, record, and applicable law, the court **grants** Motion of Plaintiff Energytec, Inc. and Third-Party Defendants Don L. Lambert, Dorothea W. Krempein, B. Charles Spradlin, Eric A. Brewster, Ben T. Benedum, and Cary P. Dukes to Dismiss Frank W Cole's Amended Counterclaim and Third-Party Complaint.

## **I.     Factual and Procedural Background**

Plaintiff Energytec, Inc. ("Energytec") filed its Original Complaint on May 12, 2006, alleging a number of securities fraud claims against its former Chairman, Chief Executive Officer, and Chief Financial Officer Frank W Cole ("Cole"); Cole's executive assistant, Josephine Jackson ("Jackson"); and numerous unlicensed broker dealers (the "Broker Defendants"), many of whom were Cole's friends and business associates. The complaint seeks damages incurred after the discovery of an allegedly fraudulent scheme perpetrated by Cole, Jackson, and the Broker

Defendants. Plaintiff alleges that the Broker Defendants sold Energytec securities to obtain unauthorized and illegal commission payments from Energytec and to artificially inflate the price of Energytec's publicly-traded securities.

In response to this action, Cole filed Defendant Frank W Cole's Counterclaim and Third-Party Complaint on May 17, 2007. Cole subsequently filed Defendant Frank W Cole's Amended Counterclaim and Third-Party Complaint ("Counterclaim") on August 31, 2007. He alleges that Energytec officers and directors neglected to carry out various corporate duties and responsibilities to the detriment of shareholder interests and asserts these claims in a derivative capacity.

Specifically, Cole alleges the following counterclaims and third-party claims: breach of fiduciary duty– failure to disclose; breach of fiduciary duty – failure to exercise care; breach of fiduciary duty– waste of assets; breach of fiduciary duty– failure to repay loan; fraud; violation of section 18(a) of the Securities Exchange Act of 1934; theft; *ultra vires* acts; conspiracy; and defamation. Cole names as Third-Party Defendants Don L. Lambert ("Lambert"), Dorothea W. Krempein ("Krempein"), B. Charles Spradlin ("Spradlin"), Eric A. Brewster ("Brewster"), Ben T. Benedum ("Benedum"), and Cary P. Dukes ("Dukes") (collectively, "Third-Party Defendants").[1] Cole seeks an injunction, appointment of a custodian, accounting, and indemnity for harms already committed and to prevent further injury, and attorney's fees.

Energytec and the Third-Party Defendants (collectively, "Movants") have moved to dismiss the derivative claims on the grounds that Cole has not satisfied the demand requirement necessary to bring a derivative suit. In particular, they allege that Cole did not make sufficient demand upon Energytec and that his failure to make a demand is not excused by reason of futility or *ultra vires*

---

[1] Movants do not move to dismiss Cole's third-party defamation claim or his claim for indemnity.

**Memorandum Opinion and Order – Page 2**

acts. Furthermore, Movants contend that Cole is not representative of Energytec shareholders due to his personal interest and involvement in the litigation. Finally, they have also moved to dismiss the fraud claims on the grounds that Cole has failed to meet the particularity standard of Rule 9(b) of the Federal Rules of Civil Procedure.

## II. Applicable Legal Standards

### A. Rule 12(b)(6) Standard

To defeat a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955, 1974 (2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss

are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B. Rule 9(b) Standard

In pleading a securities fraud violation, a plaintiff must satisfy the requirements of Rule 9(b) of the Federal Rules of Civil Procedure, which provides:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Rule 9(b) requires "a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.,* 302 F.3d 552, 564-65 (5th Cir. 2002) (quotations omitted). A dismissal for failure to satisfy the requirements of Rule 9(b) is a dismissal on the pleadings for failure to state a claim pursuant to Rule 12(b)(6). *U.S. ex rel.*

*Russell v. Epic Healthcare Mgmt. Group,* 193 F.3d 304, 308 (5th Cir. 1999) (citing *Shushany v. Allwaste, Inc.* 922 F.2d 517, 520 (5th Cir. 1993)).

**III. Analysis**

Plaintiff and Third-Party Defendants move to dismiss Cole's derivative claims for his failure to satisfy the demand requirement for derivative actions. Movants also contend that he should not be allowed to bring a derivative claim because he is not representative of Energytec shareholders because of his personal interest in the litigation. Cole responds both that he made demands on Energytec and that demands were futile given the nature of his allegations. He argues that he is a sufficient representative to bring derivative claims against Energytec.

Energytec and Third-Party Defendants also move to dismiss the fraud claims because Cole has not satisfied the particularity standard for fraud allegations required by Rule 9(b). They contend that Cole has failed to adequately plead the specific events, circumstances, and details surrounding the alleged fraud. Cole responds that he has met the heightened pleading requirements to bring a fraud claim under Rule 9(b).

**A. Derivative Claims**

Energytec and Third-Party Defendants move to dismiss claims one through three, six through eleven, and thirteen through sixteen that are brought in a derivative capacity.[2] They contend that Cole's demands are inadequate, that he has waived any argument that demand is futile because making a demand is a concession that demand is not futile, and that he has not alleged that his

---

[2]Specifically, these claims are as follows: (1) breach of fiduciary duty– failure to disclose against Lambert; (2) breach of fiduciary duty– failure to exercise care against Lambert; (3) breach of fiduciary duty– failure to exercise care against Krempein; (6) violation of section 18(a) of the Securities Exchange Act of 1934 against Lambert; (7) violation of section 18(a) of the Securities Exchange Act of 1934 against Krempein; (8) theft against Lambert; (9) breach of fiduciary duty – waste of assets against Lambert; (10) breach of fiduciary duty– failure to repay loan against Lambert; (11) *ultra vires* acts; (13) conspiracy; (14) injunction; (15) appointment of custodian; and (16) accounting.

**Memorandum Opinion and Order – Page 5**

demands were wrongfully refused. They also contend that his futility argument fails because he has not pleaded with particularity why his demand would be futile and that he has not shown a lack of oversight by the Energytec directors. Finally, they argue that he is an inadequate representative of the Energytec shareholders and that he cannot fairly and adequately represent their interests. Cole responds that he made adequate demand and that if he did not, his lack of demand is excused because it would have been futile. He also contends that he is an adequate representative of Energytec shareholders to bring these derivative claims.

### 1. Demand

Under Nevada law, a shareholder must inform the corporation of a complaint before bringing a derivative suit. *Shoen v. SAC Holding Corp.*, 137 P.3d 1171, 1179-80 (Nev. 2006).[3] This prerequisite, known as the demand requirement, provides the corporation with an opportunity to correct the problem without resorting to litigation. *Id*. Cole alleges that his requests for a board meeting and a shareholder meeting, as well as his requests that the board file Energytec's 2005 Form 10-K with the Securities and Exchange Commission ("SEC") and amend its Form 8-K, satisfy the demand requirement. Pl.'s Resp. ¶¶ 6-7. He also contends that his requests that Energytec "follow through on several profitable business opportunities" qualify as a demand. *Id*. ¶ 7.

#### a. Sufficiency of Cole's Demands

Movants argues that Cole did not make an appropriate demand on Energytec because the allegations made to the company were not specific enough. Cole responds that his demands were adequate and comply with the law.

---

[3]The parties agree that Nevada law governs the state law claims because Energytec is incorporated in Nevada. Nevada courts often look to Delaware law on corporate issues, including adopting Delaware law on demand futility. *See Shoen*, 137 P.3d at 1184. Accordingly, the court looks to both Nevada and Delaware law in determining this motion.

**Memorandum Opinion and Order – Page 6**

A shareholder demand must explain the details of the allegation, including the responsible parties, the relief requested, and the injury caused. *Allison v. General Motors Corp.*, 604 F. Supp. 1106, 1117 (D. Del.), *aff'd* 782 F.2d 1026 (3d Cir. 1985) (applying Delaware law). In Nevada, the applicable statute states that in a derivative suit, "[t]he complaint must also set forth with particularity the efforts of the plaintiff to secure from the board of directors or trustees . . . such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort." Nev. Rev. Stat. § 41.520(2).

In *Levner v. Saud*, the court concluded that the shareholder's demand on the corporation was ineffective because the request did not specifically identify the desired remedial relief. 903 F. Supp. 452, 456 (S.D.N.Y. 1994) (applying Delaware law). Though the shareholder pleaded other required elements, the court dismissed the action because the pleading was incomplete without a request for relief. *Id*. The court also noted that broad allegations of "acting on behalf of others simply was not adequately particular" to satisfy the demand requirement. *Id*. (internal quotations omitted). On the other hand, in *Allison*, the court found that a shareholder's demand was sufficient because it "identified the alleged wrongdoers . . . spelled out the perceived wrongful conduct . . . specified the losses suffered by the corporation . . . and requested relief." 604 F. Supp. at 1117. In particular, the plaintiff-shareholder alleged that the board of directors manufactured and permitted the sale of cars with a defective breaking system and provided "misleading and false information to the government." *Id*. The shareholder also alleged that these actions could be remedied through monetary damages. *Id*.

Energytec and Third-Party Defendants identify seven statements in the Counterclaim that include requests by Cole to schedule a shareholder meeting, to timely file the 2005 Form 10-K, to

**Memorandum Opinion and Order – Page 7**

include information in certain Form 8-Ks, and to follow through on "several profitable business opportunities." Countercl. ¶¶ 178-179, 181. Movants contend that none of these alleged demands contains information relating to the allegations of his claims against them and the allegations do not state with particularity harm to the corporation or the remedial relief requested. In response, Cole refers to the legal standard for a demand and then repeats many of the allegations stated in his Counterclaim.

Cole's demand is not legally sufficient. Repeating the allegations in the Counterclaim does not make them more specific, tie them to the other allegations for which he is seeking relief, or demonstrate that he either identified specific harm to Energytec or requested specific remedial relief. While he requested certain actions, these requests did not explicitly discuss wrongful activities, name the responsible parties, propose remedial relief, and allege specific injury to the corporation. In the absence of these details, Cole's requests for board and shareholder meetings do not qualify as demands. *Levner*, 903 F. Supp. at 456; *see Allison*, 604 F. Supp. at 1117. Accordingly, the court concludes that Cole's statements and requests are insufficient to meet the demand requirement.

        **b.**       **Futility**[4]

If there is evidence suggesting that a demand would not compel the corporation to take action, the shareholder may be excused from the requirement by reason of futility. *Shoen*, 137 P.3d at 1180-81. As a general rule:

> [w]hen evaluating demand futility, Nevada courts must examine whether particularized facts demonstrate: (1) in those cases in which the directors approved the challenged transactions, a reasonable doubt that the directors were disinterested or that the business

---

[4] Movants argue that Cole has waived his futility argument because he alleges that he made demands upon Energytec. Because the court concludes that his demand was insufficient, it also considers his arguments regarding whether demand is excused.

**Memorandum Opinion and Order – Page 8**

> judgment rule otherwise protects the challenged decisions; or (2) in those cases in which the challenged transactions did not involve board action or the board of directors has changed since the transactions, a reasonable doubt that the board can impartially consider a demand.

*Id*. at 1184.

In *Shoen*, the court concluded that the shareholder's complaints "alleged a failure to properly supervise or a willful disregard of duties" as opposed to a "board-considered business decision," placing the dispute within the purview of the second rule. *Id.* at 1184-85. Because Cole alleges that "Spradlin, Benedum, and Brewster . . . have essentially abdicated their duties and obligations as directors," Countercl. ¶ 43, this case also requires evaluation under the second rule. Accordingly, Cole must show that Energytec's board of directors could not be impartial in its evaluation and resolution of the issues raised in this complaint. *See Shoen*, 137 P.3d at 1185.

In *Rales v. Blasband*, the court excused demand as futile because a majority of board members was either interested or could not be independent in its evaluation of shareholder claims. 634 A.2d 927, 936-37 (Del. 1993). The court attributed "a disqualifying financial interest" to three of the eight board members because of their prior dealings and noted that two additional board members could not be independent due to their business relationships with one or more interested individuals. *Id*. One individual served in a capacity beneath an interested board member, while the other presided over a company in which two of the interested individuals owned stock and served as directors. *Id*. On these facts, the court concluded that five of the eight board members could not be impartial and excused demand. *Id*. at 937.

Unlike *Rales*, where the shareholder representative pled specific facts alleging that a majority of board members was interested or lacked independence, *id*. at 936-37, Cole merely makes

conclusory statements regarding the independence of the Energytec board members. Movants point out that his allegations of interest or lack of independence include statements that the board members refused to communicate with Cole, that they conspired to keep him out of a board meeting, and that the board is controlled by Lambert. Countercl. ¶¶ 177, 184. In response, Cole argues that he need not "plead evidence" and states that he has alleged particularized facts. A review of the Counterclaim, however, does not support his contention that specific facts relating to the Energytec board members' interest or lack of independence in the challenged transactions have been specifically pleaded.

Cole does not sufficiently discuss any "disqualifying financial interest" or cite specific reasons why the Energytec board could not exercise independent judgment, such as additional business relationships among members or undue influence for reason of company hierarchy. *See id*. at 936. Accordingly, Cole has failed to establish that demand in his case would be futile because he has not shown that the majority of the board members has a disqualifying interest or lacks independence.

      c.  *Ultra Vires* **Acts**

Cole also argues that the board's actions were *ultra vires*, and thus demand is not required before he may bring a derivative suit. Movants contend that he has mischaracterized the board's actions. As a rule, "a corporate act is said to be ultra vires when it goes beyond the powers allowed by state law or the articles of incorporation." *Shoen*, 137 P.3d at 1185. There is, however, an important exception: "'[i]f . . . the [corporation's] act was within the corporate powers, but was performed without authority or in an unauthorized manner, the act is not ultra vires.'" *Id*. at 1186 (quoting *Sammis v. Stafford*, 56 Cal. Rptr. 2d 589, 593 (Ct. App. 1996)).

In his counterclaim, Cole characterizes a number of acts as *ultra vires*, most prominently the board meeting that culminated in his removal. In his view, "[t]he board meeting . . . was not properly called" due to the fact that a majority of members did not agree to it. Countercl. ¶¶ 33, 151. Benedum and Brewster had resigned, leaving only Cole and Spradlin as members. *Id*. According to Cole, he did not agree to the meeting, and Spradlin did not have the authority to call it on his own. *Id*. Under this analysis, it follows that any action undertaken at the meeting was unauthorized. Cole's allegations, therefore, fit squarely within the exception to *ultra vires* acts, and demand is not excused. *See Shoen*, 137 P.3d at 1186 (quoting *Sammis*, 56 Cal. Rptr. 2d at 593). Cole has not pointed to any act that he contends is beyond the scope of the corporation's powers allowed by law or the articles of incorporation. Accordingly, his argument that *ultra vires* acts excuse demand is also rejected. The court therefore concludes that Cole has failed to make demand on Energytec and that he has not shown that demand would be futile.

2. **Shareholder Representative**

Movants also argue that Cole does not adequately represent shareholder interests and therefore that he must be disqualified from bringing a derivative suit. Cole responds that he is a proper representative of shareholder interests and entitled to bring suit. Rule 23.1 of the Nevada Rules of Civil Procedure states that a "derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders." Nev. R. Civ. P. 23.1; *see also* Fed. R. Civ. P. 23.1(a) ("The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association."). In general, "[a] plaintiff in a shareholder derivative action . . . must not have ulterior motives and must not be

pursuing an external personal agenda." *Smith v. Ayres*, 977 F.2d 946, 949 (5th Cir. 1992), *cert. denied*, 508 U.S. 910 (1993). In determining whether a shareholder is an adequate representative, the court may also evaluate:

> economic antagonisms between representative and class; the remedy sought by plaintiff in the derivative action; indications that the named plaintiff was not the driving force behind the litigation; plaintiff's unfamiliarity with the litigation; other litigation pending between the plaintiff and defendants; the relative magnitude of plaintiff's personal interests as compared to his interest in the derivative action itself; plaintiff's vindictiveness toward the defendants; and, finally the degree of support plaintiff was receiving from the shareholders he purported to represent.

*Davis v. Comed, Inc.*, 619 F.2d 588, 593-94 (6th Cir. 1980).

Movants contend that Cole is an unsuitable representative for five separate reasons: (1) his economic interests are antagonistic to those of Energytec shareholders; (2) the remedies he seeks are the nullification of actions that would result in his reinstatement and the ouster of Energytec's current officers; (3) there are multiple suits pending between Cole and Energytec; (4) his personal interests in the outcome of this litigation outweigh his interest in representing Energytec shareholders; and (5) his vindictiveness towards Energytec is "palpable and is the clear motivation" for his claims. Cole responds that he does not seek to recover individually, that he is not seeking reinstatement, and that he has only sued Energytec in this litigation.

An evaluation of the factors relating to the adequacy of a shareholder representative results in the conclusion that Cole does not properly represent the shareholders and therefore may not bring a derivative action on their behalf. As the former Chairman, CEO and CFO of Energytec, Cole has a personal economic interest in reversing the events leading to his removal. The shareholders do not share this interest, as they do not stand to regain past employment or company influence. In

addition, Cole is currently being sued by Energytec and is defending their claims against him for violation of securities laws and payment of illegal commissions. Complaint ¶¶ 16-20, 25. Cole filed his Counterclaim in response to Energytec's lawsuit. Furthermore, Cole's interest in obtaining the requested relief far outweighs that of other shareholders. He stands to regain control of Energytec, to remove his competitors and adversaries, and possibly to avoid further litigation. The shareholders do not share these interests. For these reasons, the court finds that Cole does not "fairly and adequately represent the interests of the shareholders" and therefore may not bring a derivative suit on their behalf. Nev. R. Civ. P. 23.1; Fed. R. Civ. P. 23.1.

B.   **Fraud Claims**

Energytec and Third-Party Defendants also move to dismiss Cole's claims four and five, alleging fraud, on the ground that his pleadings fail to meet the particularity standard of Rule 9(b) of the Federal Rules of Civil Procedure. Cole responds that his pleadings satisfy this requirement and therefore should not be dismissed. As a general rule, "[p]leading fraud with particularity in this circuit requires 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'" *Williams v. WMX Tech. Inc.*, 112 F.3d 175, 177 (5th Cir. 1997), *cert. denied*, 522 U.S. 966 (1997) (citing *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)).

Cole's fraud claims are not pleaded with the requisite degree of specificity to satisfy the heightened pleading standard imposed by Rule 9(b). He does not state with particularity the "time, [and] place" of the alleged fraud, as required in this circuit. *Id*. This omission is significant because "the who, what, when, and where must be laid out *before* access to the discovery process is granted." *Williams*, 112 F.3d at 178 (emphasis in original).

The live pleading is Cole's amended pleading. After his initial pleading, Movants filed a motion to dismiss, making many of the same arguments, including that Cole failed to plead his fraud claim with the particularity required by Rule 9(b). *See* docket no. 115. Rather than responding to the motion, Cole filed the Counterclaim. The court determines that Cole has had two opportunities to plead his fraud claims with particularity and has failed to do so. The court does not believe that giving Cole a third opportunity to plead these claims will result in claims that comply with Rule 9(b) because he stands on his pleadings, which have been amended, and the court concludes that he has pleaded his best case. Allowing an opportunity to amend would unnecessarily delay resolution of this case, and such a delay is not justified. Accordingly, the court determines that his fraud claims fail to meet the particularity standard set forth in Rule 9(b) and should be dismissed with prejudice.

## IV.     Conclusion

For the reasons stated herein, the court determines that Cole has failed to state a claim upon which relief can be granted because he has not made demand upon Energytec or demonstrated that demand is excused for reasons of futility. Pursuant to Rule 23.1, Cole is also an inadequate representative to bring derivative claims against Energytec. The court also determines that Cole has failed to plead his fraud claims with particularity as required by Rule 9(b). Accordingly, the court **grants** Motion of Plaintiff Energytec, Inc. and Third-Party Defendants Don L. Lambert, Dorothea W. Krempein, B. Charles Spradlin, Eric A. Brewster, Ben T. Benedum, and Cary P. Dukes to Dismiss Frank W Cole's Amended Counterclaim and Third-Party Complaint; **dismisses with prejudice** Cole's claims one through three, six through eleven, and thirteen through sixteen, which he asserts in a derivative capacity; and **dismisses with prejudice** claims four and five. Cole's only remaining claims are claim twelve, for defamation, and claim seventeen, for indemnity.

**It is so ordered** this 29th day of August, 2008.

                                          Sam A. Lindsay
                                        United States District Judge